**BRYAN CAVE LEIGHTON PAISNER LLP**
Sharon Z. Weiss (SBN 169446)
Olivia J. Scott (SBN 329725)
sharon.weiss@bclplaw.com
olivia.scott3@bclplaw.com
1920 Main Street, Suite 1000
Irvine, California  92614-7276
Telephone:    +1 949 223 7000
Facsimile:     +1 949 223 7100

[*Proposed*] *Attorneys for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>Treetop Development, LLC,<br><br>              Debtor. | Case No. 2:22-bk-14165<br><br>Chapter 11<br><br>**DECLARATION OF SHARON Z. WEISS IN SUPPORT OF APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BCLP AS SUBSTITUTE COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION PURSUANT TO 11 U.S.C. § 327 EFFECTIVE AS OF OCTOBER 7, 2022**<br><br>[*Filed contemporaneously with Declaration of Sharon Z. Weiss; Statement of Disinterestedness and [Proposed] Order*]<br><br>**[NO HEARING REQUIRED UNLESS REQUESTED]** |

2:22-BK-14165

## DECLARATION OF SHARON Z. WEISS

I, Sharon Z. Weiss, Esq., hereby declare as follows:

1. I am an attorney at law, duly qualified to practice before all courts of the State of California and before the United States District Court for the Central District of California. I am a partner of the law firm of Bryan Cave Leighton Paisner LLP ("**BCLP**") resident in the firm's Santa Monica office. I have represented numerous debtors and other fiduciaries in chapter 11 bankruptcy proceedings during my approximately 29 year legal career as a bankruptcy/insolvency professional.

2. I have personal knowledge of the facts stated herein, except where stated upon information and belief, and, as to such statements, I believe them to be true. I make this *Declaration* in support of the *Application of Debtor Treetop Development, LLC for Entry of An Order Authorizing Retention and Employment of BCLP as Substitute Counsel for the Debtor and Debtor-in-Possession Pursuant to 11 U.S.C. § 327 Effective as of October 7, 2022* (the "**Application**"). Unless the context indicates otherwise, capitalized terms herein shall have the meanings as defined in the Application.

3. The debtor Treetop Development, LLC (the "**Debtor**") desires to employ BCLP, whose address is 120 Broadway, Suite 300, Santa Monica, California, 90401, as its general bankruptcy and restructuring counsel in connection with its on-going chapter 11 bankruptcy case. BCLP also maintains numerous other offices internationally and across the country, including an additional office in southern California located at 1920 Main Street, Suite 1000, Irvine, California, 92614-7276.

4. BCLP is a full service law and regularly counsels clients of all sizes across a range of industries in connection with transactional and litigation matters, including complex insolvency, bankruptcy and restructuring matters. BCLP and its attorneys also have significant experience in handling matters relating to real estate financing and development, construction management and

disputes, regulatory and tax compliance, corporate governance and oversight, and other disciplines likely to be relevant during the course of this chapter 11 proceeding. BCLP has significant expertise with debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. BCLP and its attorneys have the experience and skills necessary to aid the Debtor in navigating the challenges of this case. BCLP's services as general bankruptcy and restructuring counsel will include virtually all legal services required to assist the Debtor fulling its duties under sections 1106 and 1107 of the Bankruptcy Code. As such, BCLP is particularly well-qualified to represent the Debtor in this case.

5. BCLP, or attorneys employed by BCLP, have been actively involved in major chapter 11 cases and have represented debtors in many cases, including, among others: *In re Renovate America, Inc.*, Docket No. 20-13172 (LSS) (Bankr. D. Del. Dec. 21, 2020); *In re Hamon Holdings Corp*, Docket No. 22-10375 (JTD) (Bank. D. Del. Apr. 24, 2022); *In re Loot Crate, Inc.,* Docket No. 19-11791 (BLS) (Bankr. D. Del. Aug. 11, 2019); *In re AcuSport Corp.,* Docket No. 18-52736 (JEH) (Bankr. S.D. Ohio May 1, 2018); *In re Oconee Regional Health Systems, Inc.*, Docket No. 17-51005 (AEC) (Bankr. M.D. Ga. May 10, 2017); *In re Arch Coal Inc.*, Docket No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 11, 2016); I*n re Arctic Sentinel, Inc. (f/k/a Fuhu, Inc.)*, Docket No. 15-12465 (CSS) (Bankr. D. Del. Dec. 7, 2015); *In re Bakers Footwear Group Inc.,* Docket No. 12- 49658 (CER) (Bankr. E.D. Mo. Oct. 3, 2012); *In re Patriot Coal Corporation,* Docket No. 12- 51502 (KSS) (Bankr. E.D. Mo. Jul. 9, 2012); *In re International Garden Products, Inc.,* Docket No. 10 -13207 (KJC) (Bankr. D. Del. Oct. 4, 2010); *In re Gateway Ethanol, L.L.C.,* Docket No. 08-22579 (DLS) (Bankr. D. Kan. Oct. 5, 2008); *In re Valley Food Services, LLC,* Docket No. 06 -50038 (CAN) (Bankr. W.D. Mo. Feb. 14, 2006); *In re XWW, INC., (dba Weld Racing)*, Docket No. 06-42105 (Bankr. W.D. Mo. Aug. 17, 2006); *In re Verilink Corporation,* Docket No. 06-80566 (JAC) (Bankr. N.D. Ala. Apr. 9, 2006); *In re Outsourcing Solutions, Inc.,*

Docket No. 03-46349 (BSS) (Bankr. E.D. Mo. May 12, 2003); *In re Centennial HealthCare Corporation*, Docket No. 02-74974 (JEM) (Bankr. N.D. Ga. Dec. 20, 2002); *In re AcoustiSeal, Inc.,* Docket No. 02-44807 (RWS) (Bankr. W.D. Mo. Sep. 4, 2002); *In re Farmland Industries, Inc.*, Docket No. 02-50557 (JWV) (Bankr. W.D. Mo. May 31, 2002); *In re International Fibercom, Inc.*, Docket No. 02-02143 (JBN) (Bankr. D. Ariz. Feb. 13, 2002); *In re Thermadyne Holdings Corporation,* Docket No. 01-52840 (BSS) (Bankr. E.D. Mo. Nov. 19, 2001); *In re Laclede Steel Company,* Docket No. 01-48321 (BSS) (Bankr. E.D. Mo. Jul. 27, 2001); *In re Bridge Information Systems Inc.,* Docket No. 01-41593 (BSS) (Bankr. E.D. Mo. Feb. 15, 2001); *In re New York Medical Group, PC*, Docket No. 00-40363 (SMB) (Bankr. S.D.N.Y. Feb. 14, 2000).

6. To the best of my knowledge, all attorneys associated with BCLP who will render services in this case are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California, or if need be, are qualified and will request to be admitted *pro hac vice*. Jarret Hitchings, Olivia Scott and I will be serving as the primary counsel in BCLP's representation of the Debtor in this case. Attached hereto as Exhibit "1" and incorporated herein by reference is a true and correct copy of BCLP's current hourly billing rate schedule for the BCLP attorneys and other professionals currently staffed on this case.

7. To the best of my knowledge, all attorneys associated with BCLP who will render services in this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules and will comply with them, as well as the procedures set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, promulgated by the U.S. Trustee Program and reprinted at 28 C.F.R Part 58, Appendix B, which is applicable to attorneys employed under sections 327 or 1103 of the Code in all chapter 11 cases that meet the threshold and that are filed on or after October 1, 2013 (the "**UST Guidelines**").

BRYAN CAVE LEIGHTON
PAISNER LLP
ATTORNEYS AT LAW
IRVINE

- 3 -

8. The Debtor requires the assistance of experienced bankruptcy and restructuring counsel to, among other thing, represent the Debtor in the Debtor's bankruptcy case.

9. The Debtor seeks to employ BCLP as bankruptcy counsel to perform the following tasks (if and when needed):

(a) advising the Debtor with respect to its powers and duties as debtor-in-possession in the continued management, operation, and development of the Property;

(b) advising and consulting the Debtor and its other professionals on the conduct of this chapter 11 case, including all of the legal and administrative requirements of operating in chapter 11;

(c) advising the Debtor with respect to its corporate governance, entity and ownership structure, and corporate formalities, and taking all appropriate action with respect thereto;

(d) attending meetings and negotiating with representatives of the Debtor's creditors and other parties-in-interest;

(e) assisting and advising the Debtor with respect to the review and reconciliation of claims asserted against the Debtor's estate, including negotiating with creditors and preparing, prosecuting, and resolving objections thereto;

(f) taking all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the bankruptcy estate, or otherwise coordinating with any conflicts or special litigation counsel that may be appointed to handle the same;

(g) preparing pleadings in connection with this chapter 11 case, including motions, applications, answers, orders, reports, and all other papers necessary or otherwise beneficial to the administration of the bankruptcy estate;

(h) advising the Debtor in connection with effort to obtain debtor-in-possession financing, including sourcing, negotiating, documenting, and funding such financing, assisting the Debtor in complying with the terms of such financing, engaging with any lenders or other sources of such financing, and addressing all such other issues as may arise during the course of this chapter 11 case in connection therewith;

(i) potentially advising the Debtor in connection with a proposed sale of the Property;

(j) appearing before the Court and any appellate courts to represent the interests of the Debtor's estate;

(k)   advising the Debtor regarding tax matters;

(l)   advising the Debtor regarding insurance and regulatory matters;

(m)   taking any necessary action on behalf of the Debtor to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

(n)   initiating adversary proceedings or otherwise commencing litigation to enforce the rights of the Debtor and its estate, including evaluation and prosecution of chapter 5 causes of actions and other litigation necessary to reconcile or determine the validity, priority, or extent of claims or liens;(o)   performing all other necessary legal services for the Debtor in connection with the prosecution of this chapter 11 case, including:  (i) analyzing the Debtor's contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtor; and (iii) advising the Debtor on corporate and litigation matters.

10.   BCLP has agreed to accept as compensation for its services such sums as may be allowed by the Court in accordance with 11 U.S.C. § 327, based upon the time spent and services rendered, the results achieved, the difficulties encountered, the complexities involved, and other appropriate factors.

11.   BLP will comply with the UST Guidelines to the extent required.

12.   BCLP received a deposit in the amount of $300,000.00 from non-debtor Atrium Building, LLC ("**Atrium**") on October 26, 2022, which BCLP has been authorized to draw upon approval of its fees and expenses by the Court in accordance with its interim and final compensation procedures (the "**Deposit**").

13.   Atrium is controlled by Mahmoud Hadid, Mohamed Hadid's brother and paid the Deposit for the Debtor's benefit.  Mahmoud Hadid, on behalf of Atrium, confirmed in writing its understanding:

1)   the Deposit is a gift, and not a loan, to the Treetop bankruptcy estate.  Any refund of the Deposit will be paid to Treetop or its successor, and,

2)   that our client is Treetop and not Atrium.  BCLP will only take instructions from Treetop and not Atrium.  BCLP will only represent Treetop's interests.

BRYAN CAVE LEIGHTON
PAISNER LLP
ATTORNEYS AT LAW
IRVINE

- 5 -

14. No agreement exists for a division of fees between BCLP and any other person or entity except as among the members of BCLP.  BCLP has not been paid any money in this case.

15. No compensation will be paid by the Debtor to BCLP except upon application to and approval by this Court after notice and a hearing pursuant to sections 327, 330; and 331 of the Bankruptcy Code or as otherwise approved by the Court, including under the authority afforded to the Court pursuant to *In re Knudsen Corp.*, 84 B.R. 668 (9th Cir. BAP 1988) and similar decisions

16. There is no agreement between the Debtor and BCLP regarding BCLP's employment in this case other than as expressed in the Application (including the engagement letter attached thereto) or as disclosed in the *Statement of Disinterestedness* submitted concurrently herewith.

17. To the best of my knowledge, except as set forth herein, BCLP and all attorneys associated with BCLP are disinterested persons, do not hold or represent any interest adverse to the Debtor's estate, and do not have any connection with the Debtor, any known creditors of the estate, any other party in interest in this case, or any of their respective attorneys or accountants, the U.S. Trustee, or any person employed in the office of the same, or any judge in the United States Bankruptcy Court or Central District Court of California or any person employed in the offices of the same.

18. To the best of my knowledge, and except as qualified in the *Statement of Disinterestedness*, BCLP is "disinterested" based upon the fact that BCLP: (a) is not and was not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the Debtor's chapter 11 petition, a director, officer, or employee of the Debtor; (c) does not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship

BRYAN CAVE LEIGHTON
PAISNER LLP
ATTORNEYS AT LAW
IRVINE

- 6 -

to, connection with, or interest in, the Debtor, or for any other reason; and (d) is not a relative or employee of a United States Bankruptcy Court judge.

**Statement of Application Pursuant to US Trustee Guidelines, Appendix B, Part D.**

19. In accordance with the UST Guidelines, I have confirmed the followings on behalf of BCLP:

a. *Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?*

No.

b. *Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?*

No.

c. *If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.*

N/A

d. *Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?*

Yes, for a 6-month period from October 7, 2022.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on October 28, 2022 at Los Angeles, California.

Dated: October 28, 2022                            /s/ Sharon Z. Weiss
                                                   Sharon Z. Weiss, Esq.



### SCHEDULE OF HOURLY BILLING RATES - 2022 CALENDAR YEAR

BCLP's current hourly rates for matters related to this chapter 11 case are as follows:

| ATTORNEY | RATE* |
|---|---|
| Sharon Z. Weiss | $965 per hour |
| David Andersen | $1,015 per hour |
| Jarret P. Hitchings | $740 per hour |
| Olivia Scott | $560 per hour |
| Constance Roque (paraprofessional) | $420 per hour |

*BCLP is in the process of determining its hourly rates for the 2023 calendar year but anticipates a typical annual increase in January 2023 of approximately 10-12 percent.