**BRYAN CAVE LEIGHTON PAISNER LLP**
SHARON Z. WEISS (State Bar No. 169446)
sharon.weiss@bclplaw.com
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone:    (310) 576-2100
Facsimile:    (310) 576-2200

OLIVIA J. SCOTT (State Bar No. 329725)
olivia.scott3@bclplaw.com
1920 Main Street, Suite 1000
Irvine, CA 92614-7276
Telephone:    (949) 223-7000
Facsimile:    (949) 223-7100

JARRET P. HITCHINGS (*Pro Hac Vice*)
jarret.hitchings@bclplaw.com
One Wells Fargo Center
301 S. College Street, Suite 2150
Charlotte, NC 28202
Telephone    (704) 749-8999
Facsimile:    (704) 749-8990

Attorneys for Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>Treetop Development, LLC,<br><br>              Debtor. | Case No. 2:22-bk-14165-BB<br><br>Chapter 11<br><br>**APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION TO EMPLOY JEFFER MANGELS BUTLER & MITCHELL LLP AS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(e) EFFECTIVE AS OF JUNE 5, 2023; STATEMENT OF DISINTERESTEDNES; DECLARATIONS OF BENJAMIN M. REZNIK AND J. MICHAEL ISSA IN SUPPORT THEREOF.**<br><br>[*No Hearing Required Unless Requested*] |

APPLICATION EMPLOY JEFFER MANGELS BUTLER & MITCHELL LLP AS SPECIAL COUNSEL

Treetop Development, LLC, as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), by and through its undersigned general bankruptcy and restructuring counsel and its Independent Manager, respectfully states the following in support of its application to retain the law firm of Jeffer Mangels Butler & Mitchell LLP ("Jeffer Mangels") as special land-use counsel effective as of June 5, 2023 (this "Application"):

**Requested Relief**

Pursuant to section 327(e) of title 11 of the United States Code ("Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 2014-1(b) of the Local Rules of Bankruptcy Practice and Procedure ("LBR") of the United States Bankruptcy Court for the Central District of California ("Court"), the Debtor respectfully requests that the Debtor be granted authority to retain and employ Jeffer Mangels as special land-use counsel for the Debtor, pursuant to LBR 2091-1(b), and seeks entry of an order, substantially in the form of the *[Proposed] Order Authorizing Retention and Employment of Jeffer Mangels as Special Land-Use Counsel for the Debtor and Debtor-In-Possession Pursuant to 11 U.S.C. § 327(e)*. In support of this Application, the Debtor submits Jeffer Mangels's *Statement of Disinterestedness* (the "Disinterestedness Statement"), the *Declaration of Benjamin M. Reznik* (the "Reznik Declaration"), the *Declaration of J. Michael Issa* (the "Issa Declaration") and those exhibits attached thereto, all of which being filed contemporaneously herewith.

**Jurisdiction and Venue**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, as this matter constitutes a core proceeding. Moreover, venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Finally, the Debtor consents to the Court's entry of a final order in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

**Case Background**

On the Petition Date, the Debtor, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its estate and continues to operate its

business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, and no official committee has been appointed in this case. On November 9, 2022, this Court approved the appointment of J. Michael Issa (the "Independent Manager") as the independent manager for the Debtor. The Independent Manager is vested with sole and exclusive authority to act for and manage the Debtor and its operations.[1]

### A. The Property

As of the Petition Date, the estate has no liquid assets. The Debtor's primary asset is a residential real property development project located at 9650 Cedarbrook Drive, Beverly Hills, California, 90210 consisting of six parcels of land totaling approximately 27.73 acres (the "Property"). Based on the Debtor's *Schedules of Assets and Liabilities* [Docket No. 19] (generally, the "Schedules"), the value of the Property is estimated at $105 million, foundation complete.[2] Construction commenced at the Property in 2019 with grading and partial placement of caissons and retaining walls. Construction halted in 2020 when construction lending to the Debtor was terminated, resulting in various mechanics' liens against the Property.

### B. The Property Preservation Work

During the course of this case, the Debtor retained and coordinated with its engineer, LC Engineering Group Inc. ("LC Engineering") and its general contractor, Roman James Design Build Inc. ("RJDB"), to investigate and confirm the physical condition of the Property and its existing improvements, investigate and confirm the status of the entitlements and permits granted

---

[1] *See Order Approving Stipulation to (A) Withdraw Motion for Order Appointment Chapter 11 Trustee and (B) Appoint Independent Manager* [Docket No. 87]. In addition, the operating agreements for each of the Debtor and its corporate parent have been amended and restated to formally appoint Mr. Issa as the Independent Manager.

[2] This valuation is supported by an Appraisal Report dated June 26, 2018 (the "Appraisal") which provided an "as-is" market value of $87.5 million. The Appraisal further provided a valuation of $106 million, subject to completion of development (5 residential lots and 1 single-family residence). The Appraisal is consistent with the September 2022 Broker's Opinion of Value obtained by the Debtor which provides an estimated "as is" value of $80 million (the "2022 BOV"). Copies of the Appraisal and the BOV were previously put into the record at Docket No. 92, at Exhibits 2 and 3. The Independent Manager has asserted for purposes of the Debtor's contested motion to obtain debtor-in-possession financing that of the Property is $80 million. *See* Docket No. 91, pp. 5:8-21; 92, 3:1-9.

or issued with respect to the Property, develop and implement erosion-control measures, and stabilize the Property's development plan, amongst other tasks (generally, the "Property Preservation Work"). Each of these tasks was immediately necessary to protect the Property and not only preserve – but also prevent – an immediate and irreparable decrease in its value. In every instance, the Property Preservation Work was, among other things, immediately necessary to preserve the physical aspects of the Property; maintain its existing permits and entitlements; or avoid catastrophic damage to the Property and the neighboring community. And, in every instance, the Property Preservation Work provided a material and quantifiable benefit to the estate's secured creditors.[3]

### C. The Debtor Requires Special Land-Use Counsel In Order to Support and Maintain the Property's Existing Permit and Entitlements, and Thus Preserve Its Value.

The Debtor and its management strongly believe that sufficient development of the Property is ultimately in the best interest of the Debtor and all of its creditors with the majority of construction to occur post-confirmation. To maintain the value of the Property and its existing entitlements, the Debtor requires the expertise of land-use counsel to ensure compliance with applicable land-use and development regulations. The Debtor's potential to advance the development of the Property is contingent on sound advice from highly qualified professionals who specialize in land-use law.

As is well documented in this case, the value of the Property is dependent on the preservation of its existing permits. Under Los Angeles Municipal Code 98.0602, permits expire when the meaningful construction work stops for a sustained period of time. "Meaningful construction" is not formally defined, and typically a land use attorney works with the City of Los Angeles to ensure that the City agrees that there is sufficient activity to qualify as meaningful construction under the LAMC. Among other things, the Debtor needs the assistance of a land use attorney to evaluate how much or how little construction must be done before any applicable deadline, which could trigger or risk the loss of existing permits.

---

[3] The Property's existing permits and entitlements are described in detail in the Declaration of Roman James [Docket No. 138-1] filed in support of the Debtor's request for authorization to obtain debtor-in-possession financing.

**The Debtor's Proposed Retention of Jeffer Mangels**

As set forth more fully in the Reznik Declaration, Mr. Reznik and Jeffer Mangels have expertise in real estate development entitlements, zoning and environmental issues, including frequent appearances before city planning commissions, city councils and other governmental boards and agencies on behalf of real estate development firms and various industries.[4] This expertise is necessary in assisting and guiding the Debtor and its management in its efforts to preserve the Debtor's ability to develop the Property during and eventually beyond bankruptcy. As the Debtor has noted previously in this case, Rome was not built in a day. Nor will the development of the Property be completed in the near-term. In the meantime, the Debtor and the estate cannot afford to be sedentary. The Property has immediate entitlement, permitting, regulatory, and potential tax issues that require attention from qualified legal and non-legal professionals. Jeffer Mangels and its attorneys have the experience and skills to aid the Debtor in navigating all of these challenges.

To that end, subject to further order of the Court, the Debtor respectfully requests authority to retain and employ Jeffer Mangels to render legal services as the Debtor's special land-use counsel including:

(a) advising the Debtor with respect to land-use and development issues, including as to local, state and federal land-use and development regulations, ordinances, codes, and other legal requirements to which the Property is subject;

(b) liaising with local, state, and federal authorities and regulators, including agencies of the City of Los Angeles and the State of California, with respect to the Property's past, present, and future permits, entitlements, or other authorizations needed in connection with the Property or its development; and

(c) advising the Debtor with respect to building permitting issues, and requirements to preserve the existing and necessary future building and related permits for the Property.

Importantly, the Debtor's ability to continue preserving the Property, including its overall value and its existing entitlements, and its potential to advance the development of the Property is contingent on the Debtor remaining in compliance with applicable land-use and development

---

[4] While BCLP has extensive real estate experience, it does not have the ability to represent the Debtor in California land use issues.

regulations. Given the specialized nature of this area of law, the Debtor requires the expertise of Jeffer Mangels.

### Jeffer Mangels Qualifications

Jeffer Mangels is a full service California law firm with offices in Los Angeles, San Francisco, and Irvine. Jeffer Mangels has a specialty in Government, Land Use, Environment and Energy, and was awarded the U.S. News and World Report Best Lawyers Tier 1 Ranking for land use and zoning law expertise for the past five years. Jeffer Mangels' lawyers have a particular strength in handling all permitting and compliance issues for clients seeking to locate and develop new sites, relocate, or expand operations. Jeffer Mangels' land use and zoning lawyers are knowledgeable, skilled negotiators who can produce results when dealing with local governments, including boards of supervisors, city councils, zoning boards and planning and redevelopment agencies, as well as state and federal agencies that oversee environmental and land use issues. They have specific connections within the City of Los Angeles that facilitate approvals, including the City planning department, the Los Angeles Department of Building and Safety, the City Council, the Mayor's office, and numerous other departments that oversee permitting and construction. The attorneys also have specific expertise processing and maintaining approvals and litigating under the California Environmental Quality Act. Their projects include luxury single family homes, mixed use and residential developments, hotels, shopping centers, theaters, office buildings, and a wide range of industrial projects.

The Debtor has selected Jeffer Mangels as its special land-use counsel based upon its significant expertise in local and California land-use and development law, as well as its deep familiarity with the relevant agencies of the City of Los Angeles responsible for the Property. The Debtor believes that (a) Jeffer Mangels has assembled a highly-qualified team of professionals and paraprofessionals to provide the necessary and critical land-use and development services to the Debtor and its estate during this chapter 11 case, (b) Jeffer Mangels has the knowledge and experience necessary to deal effectively with the issues that will arise in this chapter 11 case relating to land-use and development, and (c) Jeffer Mangels' representation of the Debtor and its estate with respect to land-use and development issues is critical to the

success of the Debtor's chapter 11 efforts

Jeffer Mangels, or attorneys employed by Jeffer Mangels, have been actively involved in numerous land use and building permitting cases in the City of Los Angeles, including during bankruptcy proceedings, such as in the *In re Woodbridge* bankruptcy. In that case, Jeffer Mangels represented Woodbridge Wind-Down Entity LLC, and assisted in maintaining approvals, responding to construction complaints and assisting in obtaining building permits and inspections for multiple properties in Los Angeles prior to sale. In preparing for its representation of the Debtor in this chapter 11 case, Jeffer Mangels has undertaken significant effort to become familiar with the Debtor's business and the immediate and potential land-use and development issues arising in the context of this chapter 11 case. The Debtor believes that Jeffer Mangels is both well-qualified and uniquely able to represent the Debtor in this chapter 11 case as special land-use counsel in an efficient and timely manner.

### Disinterestedness

As set forth in the Disinterestedness Statement, Jeffer Mangels is a "disinterested person" within the meaning of section 101(14); does not hold or represent an interest adverse to the Debtor's estate; and has no connection with the Debtor, their creditors, or any other party in interest, or their respective attorneys and accountants, the U.S Trustee, or any person employed in the office of the same, or any judge in the United States Bankruptcy Court or Central District Court of California or any person employed in the offices of the same, except as otherwise disclosed in the Statement of Disinterestedness.

### Professional Compensation

Jeffer Mangels intends to apply for compensation for professional services rendered on an hourly basis, billed in 1/10th of an hour increments, and reimbursement of expenses incurred in connection with this chapter 11 case, subject to the Court's approval and in compliance with section 328 of the Bankruptcy Code, all other applicable provisions of the FBRP and LBR, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure Jeffer Mangels will use in this chapter 11 case are the same as the hourly rates and corresponding rate structure that Jeffer Mangels (before any discounts, as applicable) uses in

other land-use and development matters.

Jeffer Mangels operates in a regional marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors. Jeffer Mangels maintain offices in Irvine, Los Angeles and San Francisco and its staffing plan for this matter includes attorneys and other professionals resident in those offices. In each respect, the rates charged by Jeffer Mangels timekeepers will be consistent with the rates typically charged by those timekeepers for similar matters.

///

///

///

Jeffer Mangels' current hourly rates for matters related to this chapter 11 case range as follows:

| Billing Category | U.S. Range (2022) |
|---|---|
| Partners & Counsel | $695 $1,150 per hour |
| Associates | $465 $695 per hour |
| Paraprofessionals | $355 - $465per hour |

Jeffer Mangels' hourly rates are set at a level designed to compensate Jeffer Mangels fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions.[5]

The rate structure provided by Jeffer Mangels is appropriate and not significantly different from (a) the rates that Jeffer Mangels charges for other similar types of representations (before any discounts, as applicable) or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Jeffer Mangels will perform in this chapter 11 case.

In addition, Jeffer Mangels intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Appendix B*

---

[5] The proposed form of Order submitted with this Application includes a provision requiring Jeffer Mangels to provide 10 days' notice to Debtor, the U.S. Trustee, and any official committee before implementing any periodic increases.

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with this Application and any interim and final fee applications to be filed by Jeffer Mangels in this chapter 11 case.

It is Jeffer Mangels' policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. Examples of such expenses include postage, overnight mail, courier delivery, transportation, computer-assisted legal research, photocopying, airfare, meals, and lodging.

Jeffer Mangels currently charges clients $0.15 per page for standard black and white duplication in its offices in California. Notwithstanding the foregoing and consistent with the Local Rules, Jeffer Mangels will charge no more than $0.10 per page for standard duplication services in this chapter 11 case. Jeffer Mangels does not charge its clients for incoming facsimile transmissions. Jeffer Mangels has negotiated rates with its vendors for computer-assisted legal research and will seek reimbursement of related expenses at the rates charged to the firm. Jeffer Mangels charges $75.00 per hour for word processing time.

### Compensation Received By Jeffer Mangels From the Debtor

Jeffer Mangels has not received any deposit or retainer from the Debtor or any other source on behalf of the Debtor or for its benefit. Jeffer Mangels reserves the right to request by separate or supplemental application a retainer or deposit in appropriate circumstances. Similarly, and for the avoidance of doubt, Jeffer Mangels and the Debtor reserve the right to request by separate motion authority to pay or reimburse Jeffer Mangels (and the Debtor's other professionals) for fees and expenses on a monthly or other interim basis in accordance with section 330 and 331 of the Bankruptcy Code, the FRBP and LBR, and the authority afforded to this Court including pursuant to *In re Knudsen Corp.*, 84 B.R. 668 (9th Cir. BAP 1988) and similar decisions.

Pursuant to FRBP 2016(b), Jeffer Mangels has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the

partners, associates, and contract attorneys associated with Jeffer Mangels or (b) any compensation another person or party has received or may receive.

### Notice

The Debtor has provided notice of this Application to (collectively, the "Notice Parties"): (a) the Office of the United States Trustee for the Central District of California; (b) counsel to secured creditor Skylark Capital Management LLC; (c) counsel to secured creditor Lydda Lud Lender Tree, LLC; (d) all lienholders, including the Los Angeles County Tax Collector and mechanic's lien holders; (e) the United States Attorney's Office for the Central District of California; (f) the Internal Revenue Service; (g) the top 20 largest unsecured creditors; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

### Timeliness of This Application

LBR 2014-1(b)(1)(e) requires that an application for retention be timely filed as promptly as possible after a party is engaged by the Debtor. Here, Jeffer Mangels was engaged by the Debtor on May 26, 2023 pursuant to the terms of an engagement letter dated as of that date, a copy of which is attached to the Issa Declaration as Exhibit A, and commenced work on June 5, 2023. Jeffer Mangels and the Debtor worked expeditiously during the intervening period to prepare and submit this Application, while also coordinating and addressing numerous other critical and time-sensitive matters necessary to maintain the Property and its permits including quickly addressing significant impending changes to the local development ordinances. Accordingly, this Application has been brought in a timely manner and in compliance with the LBR, FRBP and Bankruptcy Code.

## Conclusion

Based on the foregoing as well as the Statement of Disinterestedness and the Reznik Declaration, each filed contemporaneously herewith, the Debtor respectfully requests that the Debtor be granted authorization pursuant to section 327(e) of the Bankruptcy Code, and in accordance with FRBP 2014(a) and LBR 2014-1(2), to employ Jeffer Mangels as special land-use and development counsel on the terms set forth herein with compensation to be at the expense of the estate in the amount permitted by the Court, after notice and hearing.

Dated:  June 30, 2023

**BRYAN CAVE LEIGHTON PAISNER LLP**
SHARON Z. WEISS

*/s/ Sharon Z. Weiss*
Sharon Z. Weiss
Attorneys for Debtor-in-Possession